# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DON M. BATES, III,

          Plaintiff,

v.

KORY ZIMDARS, VICKI SEIBEL-GARVEY, CHRISTINA MINNETI, and DONNA HARRIS,

          Defendants.

Case No. 18-CV-50-JPS

**ORDER**

      Plaintiff, a former prisoner proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated in various ways related to his conditions of extended supervision arising from a Wisconsin state conviction. (Docket #1). On February 12, 2018, the Court screened Plaintiff's complaint and dismissed it, noting that Plaintiff had not alleged sufficient facts for his claims to avoid the proscriptions described in *Henderson v. Bryant*, 606 F. App'x 301 (7th Cir. 2015). (Docket #9 at 4–10). However, the Court granted Plaintiff until March 5, 2018 to file an amended complaint addressing those deficiencies. *Id.* at 9. He was warned that failure to file an amended complaint would result in dismissal of this action. *Id.*

      The March 5 deadline has passed and the Court has not received an amended complaint or any other communication from Plaintiff besides a notification that his address changed. (Docket #10). Plaintiff has not heeded the Court's warning that failure to file an amended complaint within the prescribed period would result in dismissal of this action. As a

result, the Court will dismiss this action without prejudice for his failure to prosecute the same. *See* Civ. L. R. 41(c); *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006).[1]

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for Plaintiff's failure to prosecute.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 7th day of March, 2018.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

---

[1] Plaintiff's change of address, from prison to a private residence, does not affect this result. The Court's screening order was mailed to his new address on February 13, 2018 and was not returned. There is no indication that Plaintiff did not receive a copy of the order. Moreover, the Court warned Plaintiff that it is his responsibility to maintain a current address for purposes of receiving documents from the Court. (Docket #9 at 13). Shirking this duty would not be a reason to forgive Plaintiff's tardiness.